IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WHITESTONE UPTOWN TOWER, LLC,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-CV-02350-L** |
| | § | |
| **WHITESTONE REIT OPERATING PARTNERSHIP, L.P.,** | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Appellant Whitestone Uptown Tower, LLC's ("Uptown Tower") appeal of the bankruptcy court's August 25, 2025, Order Granting Emergency Motion of Whitestone REIT Operating Partnership, L.P. to Compel Compliance with Confirmation Order ("the Order") that directs Uptown Tower to pay Appellee Whitestone REIT Operating Partnership, L.P.'s ("REIT") claim in the amount of $13,632,763.25. After careful consideration of the briefs, the record on appeal, and the applicable law, the court finds that this appeal is **moot**.

This appeal arises from the bankruptcy court's entry of the Order on August 25, 2025, against Appellants, in Case No. 23-32832-MVL-11. On April 9, 2024, REIT filed proof of a claim in the amount of $13,632,764.25.[1] Doc. No. 3 at 96-111. Uptown Tower objected to the claim, the bankruptcy court heard argument, issued an oral order, and then on October 18, 2024, executed an order overruling Uptown Tower's objection to REIT's claim. *Id.* at 128-137 & 179-183. Uptown Tower appealed, commencing its first bankruptcy appeal before United States District Judge

[1] Although the proof of claim filed by REIT is for $13,632,764.25, the order entered by the bankruptcy court compels Uptown Tower to turn over $13,632,763.25. Doc. No. 3 at 25-26 at 96-111.

Brantley Starr in Case No. 3:24-cv-2699-X. On August 12, 2025, Judge Starr issued a Memorandum Opinion and Order affirming the bankruptcy court's order overruling Uptown Tower's objections to REIT's claim. Case No. 3:24-cv-2699-X, ECF No. 9. Uptown Tower appealed Judge Starr's order to the United States Court of Appeals for the Fifth Circuit the next day. *Id.* ECF No. 10. On August 15, 2025, Uptown Tower filed a Motion to Stay Judge Starr's ruling in the district court. *Id.* ECF No. 11. On August 25, 2025, the bankruptcy court issued the Order that required compliance within 14 days. Doc. No. 3 at 13-14. On August 28, 2025, Judge Starr denied Uptown Tower's Motion to Stay. Case No. 3:24-cv-2699-X, ECF No. 16. On September 2, 2025, Uptown Tower moved the Fifth Circuit for the same stay that Judge Starr had denied, and on September 18, 2025, the Fifth Circuit denied the motion as moot.[2] Case No. 25-10947, ECF No. 6 & 25.

On August 29, 2025, Uptown Tower initiated this appeal requesting that the court review the bankruptcy court's order that directed Uptown Tower turn over $13,632,763.25 and overruling Uptown Tower's objections to REIT's claim while Uptown Tower's appeal of Judge Starr's order was on appeal with the Fifth Circuit. Doc. No. 4 at 6. On September 4, 2026, the Fifth Circuit issued an Unpublished Opinion that credited (accepted) the bankruptcy court's findings and affirmed Judge Starr's ruling. Case No. 25-10947, ECF No. 103. Thus, the relief sought by Uptown Tower—reversal of the Order compelling its payment of $13,632,763.25—is **moot**. *See Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008) ("[A]n appeal must be dismissed when 'an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief. . . .'" *Church of Scientology v. United States*, 506 U.S. 9, 12 (internal citation

[2] The order issued by the Fifth Circuit does not explain why it found that Uptown Tower's motion to stay was moot, but this court reasonably infers that it is because Uptown Tower complied with the bankruptcy court's order compelling payment, which rendered the requested stay moot.

omitted).). A claim is moot when there are no live issues or the parties lack a legally cognizable interest in the outcome. *Id.* (citing *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 365 (5th Cir. 2003)).

For the reasons stated, the court finds that this appeal is **moot**. The clerk of court is **directed** to **term** Appellee's Opposed Motion to Supplement the Record (Doc. No. 8) and **dismiss** the appeal.

**It is so ordered** this 14th day of September, 2026.

Sam A. Lindsay
United States District Judge